COMPILER

# IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
2013 SEP 30 AM 8: 13

BUSKER ALLEY, INC. and JAE JI, )
                                   )
        Plaintiffs, )
                                   )
      vs. )
                                   )
LAWRENCE KASPERBAUER and DOES )
1-50, )
                                   )
        Defendants. )
                                   )
_____)
                                   )
LAWRENCE KASPERBAUER, )
                                   )
      Counter-claimant, )
                                   )
      vs. )
                                   )
BUSKER ALLEY, INC., JAE JI, VANESSA )
JI, THE LAW OFFICE OF VANESSA JI, )
P.C. and DOE ONE through DOE TEN, )
                                   )
      Counter-claim Defendants. )
                                   )

CIVIL CASE NO. CV1081-12

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed October 2, 2012. Oral arguments were heard on June 14, 2013. Attorney George N. Valdes represented Plaintiffs and Attorneys James M. Maher and Mitchell F. Thompson appeared on behalf of Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

In this land development dispute, Plaintiffs are the tenants of beach property adjacent to Defendant's condominium residence. Plaintiffs sought to develop the beach property into a bar. Defendant opposed this development as a resident and president of the condominium homeowner's association.

On October 1, 2012, Plaintiffs filed a first amended complaint to allege that Defendant committed numerous tortious acts regarding the beach development project. (First Am. Compl., Oct. 1, 2012.) The general allegations against Defendant can be summarized as follows: 1) Defendant repeatedly stated his belief in various illegal or immoral aspects of the beach development project to neighbors, government agencies, government officials, the Legislature, members of the press, landlords, landowners and business partners of the project; 2) Defendant repeatedly trespassed and interfered with the beach property when he blocked access to the property, dumped trash and debris on the property, took photographs on the property, tampered with utility meters on the property, and called local authorities to the property; 3) Defendant filed suit to enjoin the beach development project; 4) Defendant organized his neighbors against the beach development project; and 5) Defendant publicly mocked, ridiculed and disparaged Plaintiff Jae Ji and further stalked and harassed him at his place of business. *Id.* at 3-10.

On the basis of these general allegations, Plaintiffs assert the following causes of action: 1) civil conspiracy; 2) nuisance; 3) trespass; 4) interference with public access to the ocean shore; 5) trade libel relating to the Marianas Variety Statements; 6) trade libel relating to the KUAM Statements; 7) slander relating to statements made to Plaintiffs' landlord; 8) slander relating to statements made to the owners of Plaintiffs' property; 9) intentional interference with contract; 10) negligent interference with contract; 11) interference with prospective economic advantage; 12) harassment; 14) intentional infliction of emotional distress[1]; and 15) negligent infliction of emotional distress. *Id.* at 10-25.

On October 2, 2012, Defendant moved to dismiss the first amended complaint on the grounds that his actions are immune from liability under the Citizen's Participation in Government Act (hereinafter "CPGA"). Defendant further asserts that any remaining claims are without merit. Plaintiffs argue that Defendant's actions were not genuinely aimed at procuring favorable government action.

///

---

[1] Plaintiffs failed to state a thirteenth cause of action in the First Amended Complaint. (First Am. Compl., Oct. 1, 2012.)

DISCUSSION

## 1. CPGA Immunity

Under Guam law, a motion to dispose of a claim on the grounds of immunity under the CPGA is treated as a motion for summary judgment. 7 GCA § 17106(a). The burden shifts to the responding party to produce, "*clear and convincing* evidence that the acts of the moving party are not immunized from liability." 7 GCA § 17106(c), (e) (emphasis in original). An act is immunized under the CPGA pursuant to "an objective test of whether a reasonable person would conclude from looking at the acts that the acts involved petitioning the government." *Guam Greyhound, Inc. v. Brizill*, 2008 Guam 13 ¶¶ 34, 42. "[I]n order for the responding party to remove the acts in question from the protection of…[the CPGA], the responding party must carry its burden of producing evidence such that a reasonable person would conclude by clear and convincing evidence that the acts did not involve petitioning the government." *Id.* (*citing* 7 GCA § 17106(c), (e)).

In this case, Plaintiffs carry the burden to prove by clear and convincing evidence that Defendant's actions did not reasonably involve petitioning the government. Plaintiffs present evidence of the following: 1) Defendant's letters, complaints, and testimony to government agencies and officials; and 2) local press articles about the dispute that contain statements from Defendant and Plaintiff. (Motion for Leave to File Declaration of Jae Ji, Exhibit "A", May 16, 2013.) These acts are not so extraordinarily persuasive as to enable a clear conviction that Defendant did not reasonably petition the government. *See Brizill*, 2008 Guam 13 at ¶ 41. Plaintiffs do not present clear, direct, weighty, and convincing evidence to give the Court a clear conviction that Defendant's actions were not genuinely aimed at procuring favorable government action or that he was using the government process itself as a weapon. *See id.* at ¶ 44 (*quoting City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 380, 111 S.Ct. 1344, 1354, 113 L.Ed.2d 382 (1991) (classic sham petition is one lodged in order to impose expense and delay with no expectation of success)).

Defendant admits that he sent letters to government agencies and spoke to the press because he opposes Plaintiffs' proposed bar in a residential neighborhood. (Declaration of

Lawrence F. Kasperbauer, Oct. 2, 2012.) A reasonable person could conclude that his complaints were petitioning activity even though he spoke to the press about the dispute. There is no clear and convincing evidence that Defendant used the process as a weapon to impose expense and delay with no expectation of success or that he did not genuinely aim for the government to prohibit the proposed bar. For these reasons, Plaintiffs fail to carry their burden to receive summary judgment under the CPGA and Defendant's actions are entitled to its protection.

Furthermore, Plaintiffs present no evidence of the following acts alleged in the complaint: 1) speaking against the project to neighbors, landlords, landowners and business partners; 2) organizing neighbors against the project; and 3) filing suit against the project. Absent any evidence that these alleged acts do not involve petitioning the government, Plaintiffs cannot receive summary judgment under the CPGA and Defendant's actions are entitled to its protection.

Finally, Plaintiffs present no evidence of the alleged acts of nuisance, trespass, and the intentional infliction of emotional distress. However, the CPGA may not protect petitioning activity that is carried out via an intentional tort like trespass. *See Sandholm v. Kuecker*, 962 N.E.2d 418, 432 (Ill. 2012) ("We simply do not believe that, in enacting the anti-SLAPP statute, the legislature intended to abolish an individual's right to seek redress for defamation or other intentional torts, whenever the tortious acts are in furtherance of the tortfeasor's rights of petition, speech, association, or participation in government.").[2] The acts of trespass or nuisance on private property and the intentional infliction of emotional distress upon a private individual do not reasonably involve petitioning the government or otherwise comprise participation in the process of government. In a similar manner, the acts of interference with public access to the ocean shore, harassment, and negligent infliction of emotional distress upon a private individual neither reasonably involve petitioning the government nor comprise participation in the process of government. For these reasons, the claims of nuisance, trespass,

---

[2] Illinois' version of the CPGA is very similar to Guam's and Illinois cases have been used as persuasive authority on the CPGA. *See Enriquez v. Smith*, 2012 Guam 15 ¶¶ 15-17.

interference with public access to the ocean shore, harassment, and intentional and negligent infliction of emotional distress shall not be dismissed pursuant to the CPGA.

**2. Lack of Merit**

Defendant asserts that the remaining claims of nuisance, trespass, interference with public access to the ocean shore, harassment, and intentional and negligent infliction of emotional distress are without merit. Viewing the remaining claims in the light most favorable to Plaintiffs as the non-movant, the Court does not agree that Plaintiffs can prove no set of facts to support their claims for relief and a majority of their claims are plausible on their face. *See, e.g., Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).[3]

a. <u>Nuisance</u>

Under Guam law, "[a]nything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance." 20 GCA § 10101.

In support of its nuisance claim, Plaintiffs allege that Defendants' actions and omissions have intentionally obstructed Plaintiffs' free use of property such that it interferes with Plaintiffs' comfortable enjoyment of property and that the obstruction was substantial and unreasonable. (First Am. Compl., 11, Oct. 1, 2012.) Specifically, Plaintiffs allege that over a two year period, from approximately September 2010 to September 2012, Defendants left dirty diapers containing human feces on Plaintiffs' property and entered Plaintiffs' property to harass and intimidate Plaintiffs. *Id.* at 7. Plaintiffs further allege that Defendants dumped construction and landscaping debris onto Plaintiffs' property and continually blocked access to Plaintiffs'

---

[3] Plaintiffs previously failed to provide a sufficient factual basis to receive temporary restraining orders. (Record Log at 2:20, Sept. 27, 2012.) However, the evidence presented does not render the pleadings meritless when viewed in the light most favorable to Plaintiffs.

property by parking cars over Plaintiffs' access easement during this time period,. *Id*. In addition, Plaintiffs allege that on or about September 13, 2012 and September 14, 2012, Defendants entered onto Plaintiffs' property to harass and intimidate Plaintiffs by taking pictures and tampering with the utility meters. *Id*. at 9. Taking these allegations as true, Plaintiffs have set forth the kind of factual allegations that "raise a right to relief above the speculative level." *Core Tech*, 2010 Guam 13 at ¶ 53 (quoting *Twombly*, 550 U.S. at 555). For this reason, Plaintiffs have set forth sufficient facts showing that they are entitled to relief under their claim of nuisance and the claim is plausible on its face.

b. Trespass

Under Guam law, "[a] party claiming trespass must prove the following elements: a) the tortfeasor intentionally; b) enters land in possession of another, or causes a thing or a third person to do so; or c) remains on the land; or d) fails to remove from the land a thing which he is under a duty to remove." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16 (*citing* RESTATEMENT (SECOND) OF TORTS § 158 (1988)).

In support of its trespass claim, Plaintiffs allege that Defendants intentionally entered Plaintiffs' property without Plaintiffs' consent. (First Am. Compl., 11, Oct. 1, 2012.) Specifically, Plaintiffs allege that over a two year period, from approximately September 2010 to September 2012, Defendants left dirty diapers containing human feces on Plaintiffs' property and entered Plaintiffs' property to harass and intimidate Plaintiffs. *Id*. at 7. Plaintiffs also allege that over this two year period, Defendants dumped construction and landscaping debris onto Plaintiffs' property. *Id*. Plaintiffs further allege that Defendants have stalked, harassed, terrorized, and intimidated Plaintiff by following him at his place of business and entering Plaintiff's property. *Id*. at 8. In addition, Plaintiffs allege that on or about September 13, 2012 and September 14, 2012, Defendants entered onto Plaintiffs' property to harass and intimidate Plaintiffs by taking pictures and tampering with the utility meters. *Id*. at 9. Taking these allegations as true, Plaintiffs have set forth the kind of factual allegations that "raise a right to relief above the speculative level." *Core Tech*, 2010 Guam 13 at ¶ 53 (quoting *Twombly*, 550

U.S. at 555). For this reason, Plaintiffs have set forth sufficient facts showing that they are entitled to relief under their claim of trespass and the claim is plausible on its face.

c. Interference with Public Access to the Ocean Shore

Under Guam law, "[i]t shall be unlawful for the owner, lessee, or tenant of any lands adjacent to or abutting the ocean shore to block, impede, or interfere with the public use of any traditional right-of-way." 21 GCA § 65105 (a).

In support of its interference with public access to the ocean shore claim, Plaintiffs allege that by obstructing Plaintiffs' easement access to Plaintiffs' property, Defendants infringed on the right of public access to the ocean shore and limited Plaintiffs' lawful acquisition of a right-of-way to the ocean shore. (First Am. Compl., 13, Oct. 1, 2012.) Specifically, Plaintiffs allege that for over two years, from approximately September 2010 to September 2012, Defendants continually blocked access to Plaintiffs' property by parking cars over Plaintiffs' access easement. *Id.* at 7. Taking these allegations as true, Plaintiffs have set forth the kind of factual allegations that "raise a right to relief above the speculative level." *Core Tech*, 2010 Guam 13 at ¶ 53 (quoting *Twombly*, 550 U.S. at 555). For this reason, Plaintiffs have set forth sufficient facts showing that they are entitled to relief under their claim of interference with public access to the ocean shore and the claim is plausible on its face.

d. Harassment

Under Rule 12(b)(6) of the Guam Rules of Civil Procedure, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Taitano v. Calvo Finance Corp.*, 2009 Guam ¶6. Title 9 GCA § 61.20 provides the definition of criminal harassment, but civil harassment has not been defined under the Guam codes. Furthermore, the Plaintiffs fail to cite any relevant legal authority in support of its claim of harassment. (First Am. Compl., 23, Oct. 1, 2012; Opp'n Mot. to Dismiss, 17, Apr. 19, 2013) Upon further review, this Court finds no evidence of the Guam Supreme Court's recognition of a civil action for harassment. Because Plaintiffs are unable to set forth facts to show that they are entitled to relief under a claim not recognized in Guam, the claim of harassment is not plausible on its face and the claim shall be dismissed.

e. Intentional and Negligent Infliction of Emotional Distress

Under Guam law, the elements of a claim for intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional distress, on the plaintiff's part; and (4) actual and proximate causation of that emotional distress. *See Cruz Reyes v. U.S.*, Civil Action No. 08-0005, *Opinion and Order Re: Motion to Dismiss*; 2010 WL 5207583 (D. Ct. Guam Dec. 1, 2010) (*citing* RESTATEMENT (SECOND) OF TORTS §46 (1965)).

Alternatively, under Guam law, "[t]o recover for negligent infliction of emotional distress, a complainant must show; a) the tortfeasor acts in a manner that is extreme and outrageous; and b) that the tortfeasor should have realized that his conduct posed an unreasonable risk of causing distress that might result in illness or bodily harm." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 17 (*citing* RESTATEMENT (SECOND) OF TORTS §§ 46 and 313 (1988)).

In support of its intentional and negligent infliction of emotional distress claims, the Plaintiffs allege the "Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress." (First Am. Compl., 24, Oct. 1, 2012.) At a meeting with Plaintiff Jae Ji at the Tamuning Mayor's Office on or about May 18, 2011, Defendants allegedly mocked, ridiculed, and disparaged Plaintiffs in an effort to embarrass, humiliate, and publicly scorn Plaintiffs. *Id.* at 4. In addition, Defendants allegedly stalked, harassed, terrorized and intimidated Plaintiff Jae Ji by following him at his place of business. *Id.* at 8. Plaintiffs further allege that Plaintiffs have suffered "humiliation, mental anguish, emotional physical distress, and have suffered damages as a result of Defendants actions." *Id.* at 24. Taking these allegations as true, Plaintiffs have set forth the kind of factual allegations that "raise a right to relief above the speculative level." *Core Tech*, 2010 Guam 13 at ¶ 53 (quoting *Twombly*, 550 U.S. at 555). For this reason, Plaintiffs have set forth sufficient facts showing that they are entitled to relief under their claims of intentional and negligent infliction of emotional distress, and the claims are plausible on their face.

For all of these reasons, the remaining claims of nuisance, trespass, interference with public access to the ocean shore, and intentional and negligent infliction of emotional distress shall not be dismissed for a general lack of merit. Furthermore, the claim of harassment shall be dismissed for a general lack of merit.

///

///

///

## CONCLUSION

Based upon the foregoing, Plaintiffs' first, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh (1, 5-11) claims for relief are hereby DISMISSED and Defendant is entitled to the substantive relief mandated by the Citizen Participation in Government Act. Pursuant to 7 GCA § 17106, the Court shall hear evidence and argument on the matter of costs, fees and other sanctions or damages on ___OCT 2 5 2013___ at ___2PM___.

Furthermore, Plaintiffs' twelfth (12) claim for relief is hereby DISMISSED.

**SO ORDERED** this _27TH_ day of September, 2013.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

SEP 3 0 2013

James R. Borja
Deputy Clerk, Superior Court of Guam

